IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **ANTRONE RODWELL** and **SHIKEERA PAYNE**, Individually and On Behalf of All Similarly Situated Persons,<br><br>Plaintiffs,<br>v.<br><br>**MERCHANDISING SOLUTIONS GROUP, INC.** and **DOLGENCORP, LLC**,<br><br>Defendants. | CIVIL ACTION NO. \_\_\_\_\_:22-cv-\_\_\_\_\_<br><br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Representative Plaintiffs Antrone Rodwell and Shikeera Payne, individually and on behalf of all other similarly-situated employees, by and through counsel, bring claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq., (the "FLSA") and class action under Federal Rule of Civil Procedure 23 and the North Carolina Wage and Hour Act (the "NCWHA"), N.C. Gen. Stat. Ann. §§ 95-25.1 to 95-25.25. against Defendants Merchandising Solutions Group, Inc. ("MSG") and Dolgencorp, LLC ("Dollar General") to redress Defendants' violations of the FLSA and the NCWHA and allege as follows:

### NATURE OF ACTION

1. Defendant Merchandising Solutions Group, Inc. has a business plan that includes hiring traveling merchandisers and misclassifying them as independent contractors even though the company treats the workers as employees. Defendant Dolgencorp, LLC, which does business under the trade name of "Dollar General", knowingly utilizes MSG workers, derives significant benefit from the MSG workers' labor, and exerts enough control over the day-to-day job

functions of the MSG workers to make Dollar General a joint employer with MSG. MSG and Dollar General (jointly referred to as "Defendants") break the law in order to avoid paying overtime pay to merchandisers, saving the Defendants money and allowing them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiffs Antrone Rodwell and Shikeera Payne (jointly, "Plaintiffs") are two of many salaried merchandisers hired by MSG and utilized by Dollar General. Plaintiffs bring this lawsuit on their own behalf and on behalf of their former co-workers against Defendants to recover unpaid overtime that is mandated by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiffs also bring this action to redress Defendants' violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. Ann. §§ 95-25.1 to 95-25.25 by knowingly and intentionally failing to pay Plaintiffs and putative class members all overtime wages accruing to them on their regular paydays.

**PARTIES**

2. Defendant Merchandising Solutions Group Inc. is a Delaware corporation and an "employer" as defined by the FLSA and the NCWHA. With respect to Plaintiffs, MSG is subject to the provisions of the FLSA. MSG was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s) and had gross annual revenues over $500,000.00. Merchandising Solutions Group, Inc. may be served through its registered agent, Karen W. Reeves, 565 Three Oaks Drive, Hays, NC 28635, or wherever she may be found.

3. Defendant Dolgencorp, LLC is a Kentucky limited liability company and an "employer" as defined by the FLSA and the NCWHA. With respect to Plaintiffs, this Defendant is subject to the provisions of the FLSA and was at all relevant times an enterprise engaged in

commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s) and had gross annual revenues over $500,000.00. Dolgencorp, LLC may be served through its registered agent, Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

4. Representative Plaintiff Rodwell is a resident of Ronda in Wilkes County, North Carolina, and worked jointly for Defendants MSG and Dollar General at various locations throughout and outside of the state of North Carolina.

5. Representative Plaintiff Payne is a resident of Spring, Texas, and worked jointly for Defendants MSG and Dollar General at various locations throughout and outside the state of North Carolina.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over the FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331.

7. This Court has supplemental jurisdiction over the NCWHA claims under 28 U.S.C. § 1367.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant MSG has its principal place of business in the state of North Carolina, the pay practices that set out Plaintiffs' compensation were developed and implemented in this judicial district, and the MSG Traveling Merchandisers performed services for MSG and Dollar General in North Carolina.

9. The Plaintiffs have signed opt-in consent forms to join this lawsuit. (Exhibit A).

## FACTS SUPPORTING RELIEF

### Allegations Related to Plaintiffs' and Their Co-Workers' Claims

10. MSG is a national merchandising company that hires "Traveling Merchandisers," who are willing to travel to various retail locations and perform services for MSG's retailer customers. MSG's website states that the company provides services that include "…new store roll-outs, remodels or resets,…"

11. Dollar General, according to its most recent Annual Report, is "among the largest discount retailers un the United States . . . with 18,190 stores located in 47 states."

12. Dollar General hires MSG to assist with "Lifecycle Remodels" (hereafter "remodels") at its retail stores. MSG hires individuals to form crews of approximately 12 workers to do this work.

13. Traveling Merchandisers perform manual labor associated with the remodels of Dollar General stores. Traveling Merchandisers work is performed at the stores and generally includes, *inter alia*: (i) removing merchandise from shelves, (ii) moving shelving units to assigned locations according to MSG's and Dollar General's instructions, (iii) building shelving units in designated locations, and (iv) re-stocking the shelves with product. Many of these duties are performed pursuant to "planograms" designed by Dollar General and jointly implemented by Dollar General and MSG. While such work is physically demanding, it requires no special skills beyond those quickly and easily learned at the job site.

14. During a typical remodel, Dollar General's representative (often called a "DG Merchandiser") and MSG's representative (often called a "Team Lead") jointly supervise and direct the day-to-day work of approximately 12 Traveling Merchandisers. As such, both

Defendants have the right to control (and do control) how the Traveling Merchandisers perform their work.

15. Remodels are conducted pursuant to a detailed "Lifecycle Remodel Process Guide" ("Remodel Guide") that is published by Dollar General and outlines the remodel process.

16. In performing a remodel, Traveling Merchandisers must follow Dollar General's written procedures and the instructions given by both the Dollar General supervisor (often a DG Merchandiser) and the MSG supervisor (often a Team Lead).

17. During a Dollar General remodel, the DG Merchandiser is on-site at the store being remodeled during the entire process. The DG Merchandiser is the person ultimately responsible for the work being performed and determines how that work is done, assigns duties to each crew member and monitors the progress and quality of the work.

18. Dollar General representatives and MSG determine the work performed by the workers, how the work is performed, and how the workers are paid. Dollar General representatives have the power and ability to direct MSG to terminate the employment of a crew member that they determine to be unacceptable.

19. MSG crews spends 5-6 days on each Dollar General remodel, usually beginning with unloading a truckload of new fixtures and shelving on Saturday and finishing the following Thursday, Friday, or occasionally Saturday.

20. According to Dollar General's Remodel Guide, the expected time a crew should work to perform a remodel exceeds 65 hours, not counting unloading the truck.

21. MSG classifies the Traveling Merchandisers on a Dollar General remodel crew members as "independent contractors." MSG pays each worker a weekly payment for each

remodel. This payment is determined solely by MSG and only varies when MSG decides to change it.

22. MSG, with the input of Dollar General, assembles and assigns the Traveling Merchandiser crews to remodel specific locations and both MSG and Dollar General supervise, monitor, and direct the workers in the manner and conduct of their work.

23. MSG and Dollar General provide the tools that are required for the work to the Traveling Merchandiser crews, and the work is performed at Dollar General's stores according to Dollar General's procedures, instructions, and direct supervision.

24. The MSG Traveling Merchandisers have no ability to increase their profit or loss due to their own efforts, and nothing they do increases the amount they are paid for a Dollar General remodel.

25. The work that MSG Traveling Merchandisers perform is manual labor including loading and unloading shelves, moving shelves around a Dollar General store, and labeling and stocking shelves with product for sale by Dollar General.

26. The work does not require any specialized skill, training, or certification.

27. The work that the MSG Traveling Merchandisers perform when they do Dollar General remodels is part of the core business of MSG.

28. The remodeling of its stores is an integral part of Dollar General's attempts to make their stores appeal to customers.

29. If a MSG Traveling Merchandiser helps to unload the fixture truck on Saturday prior to the reset work beginning on Sunday, that Traveling Merchandiser is paid an extra sum of money for that work.

30. If an MSG Dollar General remodel team finishes their job on time and any of the Traveling Merchandisers on that team is sent to assist a team at another Dollar General store in finishing their job, or to perform some other task, that worker is paid extra for the extra work.

31. If a Traveling Merchandiser arrives late for work on any day during a remodel, leaves early, or misses a day of work, MSG reduces that person's weekly pay.

32. Rodwell worked for MSG as a Traveling Merchandiser performing Dollar General remodels from approximately April 2021 to June 2021. Rodwell had various duties, including but not limited to the following: (1) working in the retail stores of MSG's customer Dollar General, (2) removing merchandise from shelves, (3) moving shelving units to assigned locations according to MSG's and Dollar General's instructions, (4) building shelving units in designated locations in Dollar General stores, and (5) re-stocking the shelves with product.

33. Payne worked for MSG as a Traveling Merchandiser performing Dollar General remodels from approximately March 4, 2021 to June 15, 2021. Payne had various duties, including but not limited to the following: (1) working in the retail stores of MSG's customer Dollar General, (2) removing merchandise from shelves, (3) moving shelving units to assigned locations according to MSG's and Dollar General's instructions, (4) building shelving units in designated locations in Dollar General stores, and (5) re-stocking the shelves with product.

34. During the time Rodwell and Payne worked for MSG servicing Dollar General locations, the Plaintiffs regularly worked more than 40 hours per week.

35. MSG did not pay Plaintiffs or their co-workers an overtime premium for any of the hours that they worked over 40 in a workweek.

36. Plaintiffs worked with numerous other Traveling Merchandisers employed by MSG who were paid on an ostensible salary basis and who were misclassified as independent

contractors. These Traveling Merchandisers also regularly worked over 40 hours per week. MSG also did not pay these workers overtime for hours they worked over 40 per workweek.

## Allegations Regarding FLSA Coverage

37. Defendant Merchandising Solutions Group, Inc. is a Delaware corporation with a principal place of business in North Carolina and is covered by and subject to the overtime requirements of the FLSA.

38. During each of the three years prior to this complaint being filed, MSG was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, and conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

39. During each of the three years prior to this complaint being filed, MSG regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

40. During each of the three years prior to this complaint being filed, MSG conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

41. During each of the three years prior to this complaint being filed, MSG employees/workers used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment, or materials that were grown, made or manufactured outside the state of North Carolina.

42. During each of the three years prior to this complaint being filed, MSG Traveling Merchandisers regularly traveled between various states of the USA to perform services for MSG customers.

43. Defendant Dolgencorp, LLC is a Kentucky limited liability company that does business in North Carolina and that is covered by and subject to the overtime requirements of the FLSA.

44. During each of the three years prior to this complaint being filed, Dollar General was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, and conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

45. During each of the three years prior to this complaint being filed, Dollar General regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

46. During each of the three years prior to this complaint being filed, Dollar General conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

47. During each of the three years prior to this complaint being filed, Dollar General employees/workers used, sold, processed, or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment, or materials that were grown, made or manufactured outside the state of North Carolina.

48. During each of the three years prior to this complaint being filed, MSG Traveling Merchandisers regularly traveled between various states of the USA to perform services for MSG customers.

## Plaintiffs' Claims

49. MSG was legally required to pay Plaintiffs and their similarly situated Dollar General Traveling Merchandiser co-workers ("similarly situated workers") overtime pay for all hours over 40 that these individuals worked for MSG in any workweek.

50. Rodwell worked over 40 hours in most, if not all, workweeks that he worked for MSG.

51. Payne worked over 40 hours in most, if not all, workweeks that she worked for MSG.

52. Similarly situated workers worked over 40 hours in many workweeks that they worked for MSG.

53. MSG did not pay Rodwell or Payne any overtime pay for any of the overtime hours (hours exceeding 40 hours in a workweek) that they worked for MSH or its customer Dollar General.

54. MSG did not pay the similarly situated workers any overtime for any of the overtime hours (hours exceeding 40 hours in a workweek) that they worked for MSG or its customer Dollar General.

55. MSG intentionally misclassified Rodwell, Payne, and their co-workers as independent contractors to avoid paying overtime to those individuals. In addition to wrongfully taking money and benefits from its employees, MSG's intentional and knowing actions allowed MSG to gain an unfair advantage over its competition in the marketplace.

56. MSG knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs and similarly situated employees. Such practice was and continues to be regarding the similarly situated employees, a clear violation of the FLSA.

57. The remodels of Dollar General Stores take place on Dollar General's premises.

58. Dollar General exerted and continues to exert significant control over the work performed by Plaintiffs and their co-workers.

59. Dollar General dictated and continues to dictate the timeline for each remodel and had and continues to have very detailed requirements as to how the process of the remodel would be performed.

60. Dollar General requires one of its employees to be present throughout each remodel. That Dollar General employee controls every aspect of each remodel, including but not limited to assigning the Traveling Merchandisers from each MSG team to specific tasks for the remodel. Sometimes, the Dollar General employee writes out specific individualized directions and tasks for each member of the MSG remodel team each day.

61. In addition, Dollar General has actual knowledge of how MSG and numerous other of its merchandising contractors pay their personnel. Dollar General knows that MSG does not pay its remodeling merchandisers overtime pay. Dollar General structures its pricing for the remodel work based on its knowledge of the illegal way that MSG Traveling Merchandisers are paid.

62. Dollar General is a joint employer with MSG of MSG Traveling Merchandisers that remodel its stores.

## CAUSES OF ACTION

### COUNT ONE
### Violation of the FLSA– Failure to Pay Overtime Wages Owed

63. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

64. Section 207(a)(1) of the FLSA states that an employee must be paid an overtime rate equal to at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40 hours per week.

65. Plaintiffs and the similarly situated workers are not properly classified as independent contractors and are not properly classified as exempt.

66. MSG violated the FLSA by failing to pay Plaintiffs and the similarly situated co-worker Traveling Merchandisers overtime pay for hours worked over 40 per workweek.

67. Plaintiffs and the similarly situated workers have suffered damages as a direct result of MSG's illegal actions.

68. The putative collective action is properly defined as:

**All individuals who are/were employed or engaged by and paid on a salary basis by Defendant Merchandising Solutions Group, Inc. during the three-year period preceding the filing of this Complaint to perform work as merchandisers for Dollar General performing remodels in Dollar General stores and who were classified as independent contractors, paid on a 1099 basis.**

69. MSG is liable to Plaintiffs, and all similarly situated workers for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

70. Dollar General is jointly and severally liable for the damages to Plaintiffs and similarly situated workers because it is a joint employer of these individuals along with MSG.

71. MSG's failure to pay its Traveling Merchandisers servicing Dollar General stores as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the similarly situated employees; that is, paying non-exempt merchandising workers on a weekly basis and docking and supplementing their pay depending on time worked. This generally applicable policy is prohibited by the FLSA.

72. Plaintiffs' are similarly situated to the other workers of MSG and Dollar General who are all carrying out the same duties and subjected to the same illegal misclassification and illegal pay practices.

73. Plaintiffs' FLSA claim should proceed as a collective action because they and other Traveling Merchandisers are similarly situated as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## COUNT TWO
## Violation of the NCWHA – Failure to Pay Overtime Wages Owed

74. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

75. It is unlawful under N.C. Gen. Stat. § 95-25.4 for an employer to require or permit an employee to work more than forty hours in any workweek without paying compensation at a rate not less than time and one half of the regular rate of pay of the employees for all hours worked in excess of forty per week.

76. Defendants failed to pay Representative Plaintiffs and the NCWHA Class members all accrued overtime wages on the employees' regular paydays for all overtime hours worked.

77. Defendants' conduct constitutes a willful violation of the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq*., including but not limited to N.C. Gen. Stat. § 95-25.4.

78. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Representative Plaintiffs bring claims for relief on their own behalf and as representatives of a class under the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq*., to recover unpaid overtime wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendants' violation of the NCWHA.

79. Representative Plaintiffs seek class certification under Rule 23 for the following class under the NCWHA:

> **All individuals who work, or have worked, for the Defendant Merchandising Solutions Group, Inc. on a salaried basis during the three-year period preceding the filing of this Complaint to perform remodeling work for Dollar General stores who were not paid all earned overtime wages on their regular paydays (the "NCWHA Class").**

80. Class action treatment of Plaintiffs' NCWHA claim is appropriate because all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

81. The class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on business records and are so numerous that joinder of all class members is impracticable.

82. Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

83. Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests.

84. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendants' common policies regarding compensation and classification of

employees and independent contractors, as described herein and including, without limitation, the following:

    a. Whether Defendants failed to pay the NCWHA Class all earned accrued overtime wages on their regular paydays;

    b. Whether Defendants failed to keep true and accurate records of the amount of time the NCWHA Class actually worked;

    c. Whether Defendants willfully or recklessly disregarded the law in implementing its wage and hour policies applicable to the NCWHA Class;

    d. Whether Defendants willfully or recklessly misclassified members of the NCWHA Class as independent contractors;

    e. The nature and extent of the class-wide injury and the appropriate measure of damages for the NCWHA Class.

85. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## DEMAND FOR JURY

86. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiffs Antrone Rodwell, Shikeera Payne, and all individuals similarly situated who join in this action demand judgment against Defendants for a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action, and as follows:

1. Certify a collection action of the FLSA Collective under Count One and designate Representative Plaintiffs Rodwell and Payne as the representative of all those employees similarly situated;
2. Issuance of notice as soon as possible to all similarly situated persons performing remodeling work who are/were employed or engaged by and paid on a weekly basis by Merchandising Solutions Group, Inc. to perform work at Dollar General stores during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
3. Certify an NCWHA class action under Federal Rule of Civil Procedure 23 under Count Two and designate Plaintiffs Rodwell and Payne as class representatives of all those similarly situated;
4. Declare and find that Defendants committed one or more of the following acts:
    a. Violated the FLSA by misclassifying members of the FLSA Collection and the NCWHA Class in order to avoid paying them proper overtime wages;
    b. Violated payday provisions of the NCWHA by failing to timely pay all earned overtime wages to Representative Plaintiffs and the NCWHA Class members on their regular paydays;
    c. Willfully violated provisions of the FLSA and NCWHA.
5. Enter judgment against Defendants for an amount equal to Plaintiffs' and the similarly situated employees' unpaid overtime wages at the applicable rate;
6. Enter judgment against Defendants in an amount equal to the overtime wage damages as liquidated damages;
7. To the extent that liquidated damages are not awarded, enter an award of prejudgment interest;
8. Award all costs and attorney's fees incurred prosecuting these claims to Plaintiffs;
9. Grant leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
10. Grant leave to amend to add claims under applicable state laws; and

11. For such further relief as the Court deems just and equitable.

Dated: May 10, 2022  Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker *(pro hac vice forthcoming)*
TBA No. 03316860
SDTX ID: 11498
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile
**LEAD ATTORNEY FOR PLAINTIFFS**


**MIANO LAW PC**

*/s/ Bert J. Miano*
NC State Bar No. 49813
3116 Weddington Road
Suite 900-1049
Matthews, NC 28105-9407
Phone: (704) 275-7199
Fax: (704) 630-7199
Email: bmiano@mianolaw.com
**ATTORNEY FOR PLAINTIFFS**