IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ANTRONE RODWELL and<br>SHIKEERA PAYNE, Individually and<br>On Behalf of All Similarly Situated<br>Persons,<br><br>  Plaintiffs,<br>v.<br><br>MERCHANDISING SOLUTIONS<br>GROUP, INC. and DOLGENCORP,<br>LLC,<br><br>  Defendants. | C.A. NO. 3:22-cv-00208-FDW-DSC |

**JOINT MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION, FOR APPROVAL OF STIPULATED FORM OF NOTICE, FOR APPROVAL OF SETTLEMENT AGREEMENT, TO DISMISS DOLGENCORP, LLC, AND TO STAY PROCEEDINGS**

Plaintiffs Antrone Rodwell and Shikeera Payne ("Plaintiffs") and Defendant Merchandising Solutions Group, Inc. ("MSG") (jointly, the "Parties") ask the Court to (i) conditionally certify this matter as an FLSA collective action; (ii) approve the stipulated Notice of Collective Action Lawsuit ("Notice") and Consent to Join ("Consent") forms, attached hereto as Exhibit A, to be sent to certain individuals; (iii) for approval of the settlement between the Parties, and upon conclusion of the settlement process outlined in the settlement agreement being filed herewith, dismiss this matter with prejudice; and (iv) to stay these proceedings while the Court considers this Motion.

  1. Plaintiffs filed their original complaint on May 10, 2022, alleging on behalf of themselves and their co-workers at MSG that they were incorrectly classified as independent

contractors and were entitled to recover overtime pay for working more than 40 hours per week as traveling merchandisers remodeling Dollar General stores during their tenures with MSG.

2. Defendants filed answers denying the Plaintiffs' allegations. Defendants deny all liability to Plaintiffs and any other MSG workers.

3. The Parties have agreed to enter into a settlement involving a compromise of all claims under the Fair Labor Standards Act ("FLSA") by Plaintiffs and any individuals who join this case pursuant to the terms and procedures of the Settlement Agreement being filed with this Motion. A true and accurate copy of the Settlement Agreement memorializing the terms of the negotiated settlement between the Parties is attached hereto as Exhibit B.

**Conditional Certification, Notice, and Opt-in Period**

4. In furtherance of the proposed settlement, MSG consents to an Order conditionally certifying this case as a collective action under the FLSA and authorizing that the notice attached hereto as Exhibit A be sent to all current and former workers, who, within two (2) years from the date of the Court's Order, worked over 40 hours in at least one workweek for MSG as independent contractor traveling merchandisers performing remodels at Dollar General retail stores ("Putative Collective Members").

5. In deciding whether an FLSA action may proceed as a collective action, courts in the Fourth Circuit have adopted a two-step inquiry. *Adams v. Citicorp Credit Servs.*, 93 F.Supp.3d 441, 452-53 (M.D.N.C. 2015). At the initial "notice stage," the Court determines whether Plaintiff and potential opt-in plaintiffs are "similarly situated" to merit sending notice of the action to possible members of the class. If they are, additional plaintiffs are permitted to "opt-in" to the lawsuit. *Id.* (quoting *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010)). The second step of the two-step process usually occurs after discovery has largely been

completed and allows a court the opportunity to make a final determination "of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." *Id*. (quoting *Acevedo*, 600 F.3d at 519).

6. In this Motion, the Parties stipulate and agree that individuals who worked for MSG as traveling merchandisers performing Dollar General remodels, and who were classified as independent contractors are "similarly situated" for the purpose of the initial notice stage. The Parties therefore request the Court grant the Parties' request for Court supervised notice (Exhibit A) and opt-in period, as outlined in the Parties' proposed Settlement Agreement (Exhibit B).

## Approval of Settlement Agreement

7. Although the Fourth Circuit has not set forth specific guidelines for approval of a settlement of FLSA claims, district courts have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See e.g., Kianpour v. Restaurant Zone, Inc.*, No. Civ. A. DKC 11-0802, 2011 WL 5375082, at *2 (D. Md. Nov. 4, 2011). In the "context of suits brought directly by employees against their employer...to recover back wages for FLSA violations," the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. The policy of encouraging settlement of litigation applies in context of FLSA litigation where there are *bona fide* issues in dispute and employees are represented by "an attorney who can protect their rights under the statute." *Id*. at 1354.

8. The Parties have conducted a thorough investigation, researched the law, and interviewed numerous workers. Counsel for Plaintiffs has filed a number of similar cases around the country and is intimately familiar with the Dollar General remodeling procedures and the work and time spent by the Plaintiffs and their co-workers in doing this type of work.

9. A *bona fide* dispute exists regarding Plaintiffs' claims for wages owed by Defendants. Plaintiffs alleged that they and their co-workers were paid a set rate for all hours worked in performing a Dollar General remodel as part of a 12-person MSG remodeling team, including those in excess of 40 hours in a workweek. MSG asserts that its pay practice is fully compliant with applicable law and that the Plaintiffs and their co-workers were properly classified as independent contractors. The Parties have discussed and addressed various complex, disputed issues, such as issues regarding legal and factual disputes related to employee status and average numbers of hours worked by the Plaintiffs, as well as damage calculations. If this case is not settled, there would undoubtedly be extensive future work to come, including dispositive motions, depositions, associated discovery disputes, additional subpoenas to third-parties, questions regarding applicability of the FLSA, good faith, pretrial motions, trial, and potential appellate issues. Accordingly, the Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case was not settled, and recognized that their settlement represented a compromise of the range and uncertainty of their damages.

10. The Parties each believe that the terms of the settlement embodied in <u>Exhibit B</u> are fair, reasonable, and appropriate under the circumstances.

11. The settlement was the product of arm's length negotiations among experienced counsel and there is no evidence of fraud or collusion.

12. The Settlement Agreement resolves all claims asserted, and all claims (known or unknown) that could have been asserted under the FLSA in this action by Plaintiffs and their co-workers against Defendants. It was crafted at arm's length by experienced counsel on both sides following contested litigation.

13. The Parties believe that, given the totality of the circumstances, the Settlement Agreement's terms constitute a fair, reasonable and appropriate resolution of the Parties' *bona fide* dispute, and that the Parties have been competently represented by experienced counsel from the outset of the case, through which the Parties vigorously prosecuted and defended the merits of the claims. The parties have mitigated the risk and costs on both sides that proceeding further presents. The settlement will conserve substantial time and expense by eliminating the need for trial.

### **Dismissal of Dolgencorp, LLC**

14. As part of the resolution of this case, Plaintiffs have agreed to dismiss their claims against Dolgencorp, LLC with prejudice. The Parties therefore ask that the Court dismiss Dolgencorp from this lawsuit with prejudice.

### **Request to Stay Proceedings**

15. The Parties respectfully request that the Court stay these proceedings while the Court considers this Motion and during the pendency of the settlement process, should the Court approve the settlement.

The Parties have submitted a proposed Order.

### Prayer

Plaintiffs pray that the Court grant this Motion, facilitate a Notice and Opt-in Period, stay these proceedings, and approve the settlement agreed to by the Parties, and allow them to ask the Court for a dismissal with prejudice when the settlement terms have been completed.

Dated: March 22, 2023                                           Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker *(pro hac vice)*
TBA No. 03316860

SDTX ID: 11498
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile
**LEAD ATTORNEY FOR PLAINTIFFS**


**MIANO LAW PC**

*/s/ Bert J. Miano*
NC State Bar No. 49813
3116 Weddington Road
Suite 900-1049
Matthews, NC  28105-9407
Phone: (704) 275-7199
Fax:  (704) 630-7199
Email:  bmiano@mianolaw.com
**ATTORNEY FOR PLAINTIFFS**


**GARDNER SKELTON PLLC**

*/s/ Nicole K. Hayes*
Jared E. Gardner (N.C. Bar No. 28275)
Mark S. Pincus (N.C. Bar No. 59036)
Nicole K. Haynes (N.C. Bar No. 47793)
505 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 335-0350
Facsimile: (704) 390-7027
jared@gardnerskelton.com
mark@gardnerskelton.com
nicoleh@gardnerskelton.com
*Attorneys for Defendant Merchandising Solutions Group, Inc.*

## Certificate of Service

I hereby certify that on March 22, 2023, I electronically filed a copy of the foregoing Motion and served it by electronic transmission through the Court's CM/ECF system.

*/s/ Josef F. Buenker*
Josef F. Buenker